**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BRANDE LEE SAMUELS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 16-CV-0345-CVE-FHM |
| | ) |
| **DETENTION OFFICER CHARBREA;** | ) |
| **STANLEY GLANZ, Sheriff;** | ) |
| **CAPT. HOLMES;** | ) |
| **SGT. STRAIGHT;** | ) |
| **SGT. BARLOW,** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

On June 10, 2016, Plaintiff, a prisoner in custody at the Tulsa County Jail (TCJ) and appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1). By Order filed June 13, 2016 (Dkt. # 2), the Court directed Plaintiff to either pay in full the $400 filing and administrative fees or file a properly supported motion to proceed in forma pauperis. Id. In addition, because the complaint failed to state a claim upon which relief may be granted, the Court directed Plaintiff to file an amended complaint to cure deficiencies. Id. On June 24, 2016, Plaintiff filed an amended complaint (Dkt. # 3) and a motion to proceed in forma pauperis (Dkt. # 4), as directed by the Court. For the reasons discussed below, Plaintiff's motion to proceed in forma pauperis shall be granted and the amended complaint shall be dismissed without prejudice for failure to state a claim.

**A.     Motion to proceed in forma pauperis**

Upon review of Plaintiff's motion to proceed in forma pauperis, the Court finds that Plaintiff is without funds in his institutional account(s) sufficient to prepay the full filing fee required to commence this action. Accordingly, Plaintiff is entitled to proceed without prepayment of the filing

fee and his amended motion to proceed in forma pauperis shall be granted. Pursuant to 28 U.S.C. §1915(b)(1), however, Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay the filing fee in monthly payments of 20 percent of the preceding month's income credited to his prison accounts until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect, when Plaintiff's prison account(s) exceeds $10, and forward such monthly payments to the Clerk of the Court until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**B.     Amended Complaint fails to state a claim upon which relief may be granted**

   **1.     Screening/Dismissal standards**

The Court previously advised Plaintiff, see Dkt. # 2, that federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed.

Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2.   **Amended Complaint remains deficient**

The Court previously determined that the original complaint (Dkt. # 1) failed to state a claim upon which relief could be granted and was subject to dismissal. See Dkt. # 2. The Court afforded

3

Plaintiff the opportunity to file an amended complaint to cure the identified deficiencies. Plaintiff was specifically directed to provide a short and plain statement specifically stating how and when each named defendant violated his constitutional rights and showing he is entitled to relief from each named defendant, see id. (citing Fed. R. Civ. P. 8(a)), and to identify both a constitutional basis for each claim and the relief he seeks, id.

In his amended complaint (Dkt. # 3), Plaintiff's identifies three grounds for relief, quoted in their entirety, as follows:

> Count I: Discrimination, Inappropriate use of force, violation of detainee rights, access to mail.
> I have a witness William Swasho and grievances.
>
> Count II: Inappropriate use of force.
> I have a witness William Swasho and grievance.
>
> Count III: Violation of detainee rights.
> I have a witness William Swasho and grievances.

Id. at 4-5. Plaintiff names five (5) defendants: Detention Officer Charbrea, Stanley Glanz (Sheriff), Capt. Holmes, Sgt. Straight, and Sgt. Barlow. Id. at 1-2. In his request for relief, Plaintiff states, "compensation upheld by court to what is justifible [sic]." Id. at 5.

Under the Federal Rules of Civil Procedure, a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Court is required to "accept all the well-pleaded allegations of the complaint as true," Twombly, 550 U.S. at 555, the Court will not supply additional factual allegations to round out Plaintiff's amended complaint or construct a legal theory on his behalf. Whitney, 113 F.3d at 1173-74.

Upon review of the amended complaint, the Court finds that Plaintiff has failed to cure the deficiencies previously identified and the amended complaint remains deficient. The allegations in the amended complaint are nearly identical to those in the original complaint. Compare Dkt. # 3 with Dkt. # 1. Plaintiff again fails to provide any facts in support of his allegations. Although Plaintiff's claims are certainly "short and plain," they are conclusory and lack sufficient statements of fact to show the Plaintiff is entitled to relief. Plaintiff fails to identify any injury he sustained as a result of defendants' conduct. He also fails to explain how and when the named defendants violated his constitutional rights. Therefore, Plaintiff's amended complaint lacks a well-pleaded basis in fact.

Plaintiff failed to cure the deficiencies previously identified by the Court. See Dkt. # 2. Plaintiff's amended complaint lacks a well-pleaded basis in fact and fails to state a claim upon which relief may be granted. For that reason, the amended complaint is dismissed without prejudice.

## C. First "prior occasion" under 28 U.S.C. § 1915(g)

As noted above, Plaintiff has been granted leave to proceed in forma pauperis. In addition, his amended complaint fails to state a claim upon which relief may be granted. As a result, the amended complaint shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal shall count as Plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (Dkt. # 4) is **granted**. Plaintiff remains obligated to pay in monthly installments the **$350** filing fee for this case.

2. The amended complaint (Dkt. # 3) fails to state a claim upon which relief may be granted and is **dismissed without prejudice**.

3. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

4. A separate judgment shall be entered in this matter.

**DATED** this 10th day of August, 2016.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE